UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-370-VMC-AEP

YARQUIMEDES RODRIGUEZ HILARIO
ADISON DANIEL LOPEZ RAMIREZ

## MOTION TO TAKE VIDEO DEPOSITION

The United States seeks authorization to conduct a videotaped deposition pursuant to Federal Rule of Criminal Procedure 15 of Carlos Valles on or about Monday and Tuesday, October 19-20, 2026, at the Denver Field Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, located at 950 17th Street, Denver, CO. The parties have conferred on this deposition prior to filing and there is no objection to the requested relief.

## Factual and Procedural Background

An undercover ATF special agent, posing as a Mexican cartel associate, negotiated the sales of firearms with members of the conspiracy, to include recording calls and in-person meetings with coconspirators.[1]

[1] In total, there were three undercover ATF special agents involved in this investigation; however, the primary undercover and the one responsible for the calls, negotiations, and meetings in this case was the agent who is subject to this deposition notice.

As discussed in prior status conferences, the lead witness, ATF Special Agent Carlos Valles, does not have medical clearance to travel and give testimony at trial.

This case is on the October trial calendar. Due to the unavailability of defense counsel, however, the parties are not able to take this deposition until late-October and therefore the ends of justice support continuing this case further.

**Memorandum of Law**

A party may move to take the deposition of a prospective witness in a criminal proceeding to preserve testimony for trial, which a court may grant "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The burden is on the moving party to establish such exceptional circumstances. *See United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) (internal citation omitted). An exceptional circumstance exists "when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988). When there is a substantial likelihood that the prospective deponent will be unavailable for trial and his testimony is highly relevant to a central issue in the case, justice requires preservation of that testimony. *Drogoul*, 1 F.3d at 1556. In considering whether the absence of a witness's testimony would result in an injustice, the Court must consider the materiality of that testimony. *Id.* at 1552. The decision to authorize a deposition is reviewed for abuse of discretion. *Id.*

**A. Unavailability**

Valles suffered severe injuries in the line of duty. Travel by airplane is therefore disfavored, resulting in him having to travel by car across the country from Colorado to Florida. In consultation with the ATF, Valle could suffer serious medical distress or injury no matter the conveyance used. In addition, travel for trial would conflict with intensive physical therapy. Accordingly, he should be considered unavailable for a Tampa trial in the foreseeable future.

**B. Materiality**

The materiality of Special Agent Valles's testimony is self-evident. He was the lead undercover agent in this investigation. He spoke with coconspirators by phone, he met with them in-person, recorded videos, and was present for the purchase of firearms from defendant Adison Daniel Lopez Ramirez. He is in a unique position to describe through his conversations with coconspirators (1) the nature of the conspiracy, (2) the agreements as to price and quantity of firearms, and (3) the intended use of the firearms for cartel members in Mexico. In short, Special Agent Valles is the most critical witness in the case and his testimony germane to its central issues.

The parties have conferred for the past few months on suitable measures to preserve this material testimony, to include briefing to the Court on the applicability of the Sixth Amendment's Confrontation Clause for two-way live video testimony.

*See* Doc. 114. In short, the proposed deposition is the most suitable option short of further continuances.

The undersigned has already contacted the U.S. Marshal's Service to transport Lopez Ramirez to Colorado for the deposition. The ATF case agent has confirmed witness availability and the use of the ATF field office in Denver, Colorado. Further arrangements will be made with the U.S. Marshal's Service for special agents of the ATF to take temporary custody of Lopez Ramirez from jail to the field office to confront the witness against him.

It is therefore requested that the Court enter an order under Rule 15, granting this motion and permitting the undersigned to file a notice of deposition in accordance with this request.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Daniel Baeza*
DANIEL BAEZA
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

**U.S. v. Rodriguez Hilario, et al** **Case No. 8:24-cr-370-VMC-AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Defense Counsel of Record

*/s/ Daniel Baeza*
DANIEL BAEZA
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov